846 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony ALEXANDER, Defendant-Appellant.
 No. 87-5180.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1988.
Decided May 13, 1988.
 
 David Alan Hirsch for appellant.
 (Maury S. Epner, United States Department of Justice on brief) for appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and JOHN A. MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Anthony Alexander appeals the district court's denial of his motion to suppress evidence obtained in a patdown search at National Airport.
 
 
 2
 Alexander deplaned from a nonstop flight from Miami, a known narcotics source city. He was young, casually dressed, and carrying only a briefcase. As Alexander hurriedly walked towards the airport exit,[1] without pausing to obtain any luggage, a DEA agent approached him, identified himself, and asked if Alexander would answer questions. Alexander agreed. When asked if he had just arrived on the Miami flight, Alexander replied: "No ... well, yes." He produced a receipt for a one-way ticket from Miami indicating cash payment. Further, Alexander stated that he had no other identification, and that he intended to stay in the Washington area for about three weeks, although he had no luggage.
 
 
 3
 At this point, the agent informed Alexander that he was involved with the interdiction of narcotics and asked Alexander if he was carrying narcotics. Alexander responded that he was not. When asked, Alexander agreed to a search of his briefcase, which revealed nothing incriminating. The agent, while searching the briefcase, noticed Alexander shuffling his feet and moving around. A city detective came to assist the DEA agent, and identified himself to Alexander. A patdown search was announced to which defendant raised no objection. The detective conducted the search, which uncovered cocaine in Alexander's sock.
 
 
 4
 The district court found no fourth amendment seizure in this case and, alternatively, that the defendant freely and voluntarily consented to the search. The defendant thereafter entered a conditional guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1), reserving his right to this appeal.
 
 I.
 
 5
 Alexander first contends that the encounter with the DEA agent and detective was not consensual, but rather was a fourth amendment seizure not supported by reasonable suspicion. The district court rejected this argument, finding that the encounter involved no show of force, no restraint, and no coercion. These fact-findings, made in the context of a motion to suppress, are reviewable in this Court under the clearly erroneous standard. E.g., United States v. Black, 675 F.2d 129, 134 (7th Cir.1982), cert. denied, 460 U.S. 1068 (1983). Moreover, when a motion to suppress has been denied, the evidence must be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Berry, 670 F.2d 583, 588 n. 2 (5th Cir.1982).
 
 
 6
 Not all personal contacts between law enforcement officers and citizens constitute seizures which implicate fourth amendment protection. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a seizure has occurred." Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). A fourth amendment seizure occurs "when, under the circumstances, a reasonable person would feel that he was not free to leave." United States v. Alpert, 816 F.2d 958, 960 (4th Cir.1987). The pertinent factors are the threatening presence of officers, the display of weapons, physical touching by the officer, and the use of harsh language. United States v. Mendenhall, 446 U.S. 544, 554 (1980) (plurality opinion). In the absence of some such evidence, the police-citizen contact does not, as a matter of law, constitute a seizure. Id. at 555.
 
 
 7
 The district court correctly found that this was purely a consensual encounter. Alexander concedes that the initial stop and questioning implicated no fourth amendment interest. See Florida v. Rodriguez, 469 U.S. 1, 5-6 (1984) (per curiam). Contrary to his contention, however, this initial contact never progressed into a fourth amendment seizure. None of the coercive factors above are present in this case. See Berry, 670 F.2d at 595; Black, 675 F.2d at 135.
 
 
 8
 We conclude, therefore, that the district court's finding that this encounter was consensual was not clearly erroneous. See United States v. Aguiar, 825 F.2d 39, 40 (4th Cir.), cert. denied, 108 S.Ct. 505 (1987).
 
 II.
 
 9
 Even assuming that the fourth amendment was implicated, we find that the stop and patdown was permissible because it was supported by "reasonable and articulable suspicion that the person seized [was] engaged in criminal activity." Reid v. Georgia, 448 U.S. 438, 440 (1980) (per curiam).
 
 
 10
 Alexander's behavior fit that of a drug courier. He deplaned from a known narcotics source city, was young and casually dressed, carried only a briefcase, and had travelled on a one-way ticket paid for in cash. The patdown search, however, was the result of additional suspicious factors in addition to these drug courier characteristics. See United States v. Gooding, 695 F.2d 78 (4th Cir.1982). First, Alexander's response to whether he had just arrived on a flight from Miami was equivocal. Second, he had no identification. Third, he said that he intended to stay in the area for three weeks, but had no luggage. Finally, he was extremely fidgety and nervous when his briefcase was searched.
 
 
 11
 Law enforcement officers need not look at these facts in a vacuum, but may analyze the situation in light of their experience in the area of drug trafficking. United States v. Cortez, 449 U.S. 411, 418 (1981); United States v. Perate, 719 F.2d 706, 710 (4th Cir.1983). The facts in this case constituted ample justification for the limited patdown search.
 
 III.
 
 12
 We affirm the district court's denial of Alexander's motion to suppress on the third ground that it was pursuant to voluntary consent.
 
 
 13
 One of the long-standing exceptions to the fourth amendment's requirements is a search pursuant to lawful consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). The traditional voluntariness test applies to fourth amendment searches. The issue is whether "the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." Id. at 248. The fact that the officers do not advise the person of his right to refuse consent is not dispositive. Id. at 227.
 
 
 14
 The voluntariness of consent is a question of fact reviewable by this Court under the clearly erroneous standard. E.g., United States v. Lopez, 777 F.2d 543, 548 (10th Cir.1985). In this case, Alexander was not threatened nor harshly spoken to. Significantly, at no time did Alexander object to what was transpiring. See id. The district court's finding of voluntary consent is thus supported by the evidence.
 
 
 15
 For all of the above reasons, the district court's denial of Anthony Alexander's motion to suppress is
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 We find no significance to the dispute concerning whether Wolpert approached Alexander inside or outside the airport. In either case, the initial contact was in a public place and implicated no fourth amendment interest. See infra